ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 FEB 21  AM 10: 15

CLERK
SO. DIST. OF GA.

| | | |
|---|---|---|
| CLIFFORD KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 310-105 |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Clifford King, ("Plaintiff") appeals the decision of the Commissioner of Social Security

("Commissioner") denying his application for Supplemental Security Income ("SSI") under the

Social Security Act. Upon consideration of the briefs submitted by both parties, the record

evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS**,

pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be

**REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration

in accordance with this opinion.

## I.    BACKGROUND

Plaintiff protectively applied for SSI on July 17, 2007, alleging an onset date of July 24,

2007.[1] Tr. ("R."), pp. 91-94. The Social Security Administration denied Plaintiff's application

---

[1] Plaintiff previously filed a successful application for SSI on March 23, 2001, alleging an onset date of July 9, 2001. Tr. ("R."), pp. 11, 102. These benefits were later terminated due to medical improvement, and although it is unclear from the record when termination occurred, it was prior to Plaintiff's current application for SSI. R. 11, 102. Plaintiff also successfully applied for Disability Insurance Benefits ("DIB") prior to his current application for SSI; these

initially, R. 73, 75-78, and on reconsideration, R. 74, 80-82. Plaintiff then requested a hearing

before an Administrative Law Judge ("ALJ"), and the ALJ held a video hearing on November

23, 2009. R. 49-72. Plaintiff, who was represented by counsel, testified on his own behalf at

the hearing. R. 55-67. The ALJ also heard testimony from Silvio S. Reyes, a Vocational Expert

("VE"). R. 68-71. On December 11, 2009, the ALJ issued an unfavorable decision. R. 8-18.

Applying the five-step sequential process required by 20 C.F.R. § 416.920, the ALJ

found:

1. The claimant has not engaged in substantial gainful activity since July 17, 2007, the application date (20 C.F.R. § 416.971 *et seq.*).

2. The claimant has the following severe impairment: degenerative disc disease of the cervical and lumbar spine (20 C.F.R. § 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926).

4. The claimant has the residual functional capacity ("RFC") to perform medium work,[2] except the claimant can lift and/or carry 50 pounds occasionally and 20 pounds frequently; sit 3 hours continuously and 6 hours total in an 8-hour workday; walk 30 minutes continuously and 1 hour total in an 8-hour workday; and stand 1 hour continuously and 3 hours total in an 8-hour workday. The claimant is further able to do continuous reaching, handling, and fingering; continuous use of foot controls; can frequently climb ladders, ropes, and stairs; and frequently stoop, kneel, crouch, and crawl. The claimant is unable to perform any past relevant work (20 C.F.R. § 416.965).

5. Considering the claimant's age, education, work experience, RFC, and

benefits were terminated in May of 2007 following twelve consecutive months of benefit suspension due to Plaintiff's incarceration on a drug charge. R. 11, 173; see 42 U.S.C. § 402(x)(1)(A)(i); 20 C.F.R. § 416.1335.

[2]"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 416.967(c).

the testimony of the VE, there are jobs that exist in significant numbers in the national economy that the claimant can perform, such as: laborer, collator,[3] and order caller (20 CFR §§ 416.969 and 416.969a). The claimant has not been under a disability, as defined in the Social Security Act, from July 17, 2007, the date the application was filed, through December 11, 2009 (20 CFR § 416.920(g)).

R. 13-17.

When the Appeals Council ("AC") denied Plaintiff's request for review, R. 1-5, the Commissioner's decision became "final" for the purpose of judicial review. 42 U.S.C. § 405(g). Plaintiff then filed this civil action in the United States District Court for the Southern District of Georgia requesting reversal of the adverse decision. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because: (1) the ALJ improperly applied the Medical Vocational Guidelines in "a mechanical manner;" (2) the ALJ improperly rejected Plaintiff's complaints of pain and related symptoms and relied upon improper criteria in doing so; (3) the ALJ failed to adequately address medical evidence from Plaintiff's treating physician; and (4) the ALJ failed to include a copy of his prior claim files in the record, which Plaintiff asserts may have a binding effect in the instant application. (See doc. no. 12 (hereinafter "Pl.'s Br."); doc. no. 18 (hereinafter "Pl.'s Reply Br.").) The Commissioner maintains that the decision to deny Plaintiff benefits was supported by substantial evidence and should be affirmed. (See doc. no. 14 (hereinafter "Comm'r's Br.").)

II.     STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions:

---

[3]Although the ALJ's decision indicates that Plaintiff could perform work in the national economy as a "collector," R. 17, this appears to have been a typographical error: the Dictionary of Occupational Titles ("DOT") number listed in the ALJ's decision, DOT # 653.687-010, corresponds with the job title of "collator," which is consistent with the VE's testimony that Plaintiff could perform this type of work. R. 69.

(1) whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390 (1971); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); and (2) whether the Commissioner applied the correct legal standards. Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Cornelius, 936 F.2d at 1145. Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner even if the evidence preponderates in favor of the claimant. Id. Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply

4

correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

## III.    DISCUSSION

As an initial matter, the Court acknowledges Plaintiff's assertion that his prior successful application for benefits may have a binding effect on the instant application for SSI. Pl.'s Br., pp. 15-16. However, as noted above, Plaintiff had multiple successful applications for benefits, see R. 11, 102, 173, and thus it is unclear which prior application Plaintiff may be referring to. Fortunately, the Court need not resolve this issue because, for the reasons explained below, it finds that this case should be remanded based on the ALJ's failure to identify Plaintiff's treating physician or to specify what weight he afforded his opinions.

Plaintiff argues that the Commissioner's decision is not supported by substantial evidence because the ALJ failed to mention Plaintiff's treating physician, Raghava A. Bhaskaran, M.D., by name, made only cursory mention of only one of Dr. Bhaskaran's several findings regarding Plaintiff's pain and physical impairments, and failed to state with particularity what weight he attributed to Dr. Bhaskaran's opinions. Pl.'s Br., pp. 13-14; Pl.'s Reply Br., pp. 7-9. The Commissioner argues that because "the ALJ clearly explicitly [mentioned] Dr. Bhaskaran's treatment notes, any oversight in failing to address him by name is not harmful error." Comm'r's Br., p. 16. The Commissioner further argues that Dr. Bhaskaran "never rendered an opinion regarding the nature or severity of Plaintiff's condition," and thus the ALJ could not have erred in failing to attribute any weight to a non-existent medical opinion. Comm'r's Br., pp. 15-17. Plaintiff has the better argument.

In the Eleventh Circuit, a treating physician's opinion must be given substantial weight.

5

Hillsman v. Bowen, 804 F.2d 1179, 1181 (11th Cir. 1986) (*per curiam*). Refusal to give a treating physician's opinion substantial weight requires that the Commissioner show good cause. Schnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). "The [Commissioner] must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); see also Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1159 (11th Cir. 2004) (*per curiam*) (ruling that ALJ must accord substantial or considerable weight to opinion of treating physician unless "good cause" to the contrary is shown); Broughton v. Heckler, 776 F.2d 960, 961-62 (11th Cir. 1985) (*per curiam*) (same). This is not to say, however, that the Commissioner is obligated to agree with a medical opinion if the evidence tends toward a contrary conclusion. Sryock v. Heckler, 764 F.2d 834, 835 (11th Cir. 1985) (*per curiam*). Indeed, a treating physician's opinion may be properly discounted if it is unsupported by objective medical evidence, is merely conclusory, or is inconsistent with the physician's medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards v. Sullivan, 937 F.2d 580, 583-84 (11th Cir. 1991). In addition, "[m]edical opinions are statements from physicians . . . that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical . . . restrictions." 20 C.F.R. § 416.927(a)(2).

Here, the medical evidence of record is limited: it consists of Dr. Bhaskaran's treatment notes, R. 259-262, 272-78; notes from three emergency room visits, R. 231-48, 291-303; an assessment by a consultative examiner, R. 279-90; and the opinions of two state agency medical

6

consultants, R. 251-58, 263-70.[4]  Yet despite the limited medical evidence, the ALJ's discussion of Dr. Bhaskaran's treatment notes is restricted to a single sentence in his determination as to the severity of Plaintiff's impairments. R. 14. Specifically, the ALJ stated, "Claimant did have a small bone removed for neck fusion, but there were no other significant findings in hip. *There was only one indication in the record where a doctor noted that the claimant had problems with his gait.*" R. 14 (citing Ex. C-6F/4, *found here at* R. 274).

Plaintiff argues that the ALJ's "cursory" mention of only one of Dr. Bhaskaran's several findings was insufficient, particularly because Dr. Bhaskaran is the only physician who treated Plaintiff more than once and because the medical record was otherwise limited. Pl.'s Br., p. 14; Pl.'s Reply Br., pp. 8-9. The Court agrees. Over the course of the relevant time period,[5] Dr. Bhaskaran saw Plaintiff six times: November 26, 2007; January 7, 2008; February 4, 2008; March 3, 2008; March 31, 2008; and May 27, 2008. R. 272-77. Each time, Dr. Bhaskaran consistently diagnosed Plaintiff with polyarthritis, diabetes mellitus, and hypertension. Id. As the ALJ observed, R. 14, on March 3, 2008, Dr. Bhaskaran noted that Plaintiff had a weak gait due to hip arthralgia. R. 274. Further, during each of his examinations during the relevant time period, Dr. Bhaskaran indicated that Plaintiff complained of pain, R. 272-77, many times noting that Plaintiff rated this pain as 9 or 10 out of 10 in severity. R. 272, 274-77. In particular, Dr. Bhaskaran found that Plaintiff had a limited and painful range of motion in his lumbar spine,

---

[4]Plaintiff reported receiving the medication he needed during his incarceration. R. 61. However, medical records from his period of incarceration were not available for inclusion in the record. R. 249-50.

[5]SSI benefits cannot be paid until the month after an application is filed and all other requirements for eligibility are met. 20 C.F.R. § 416.335. As Plaintiff filed his application for SSI in July of 2007, the relevant time period ran from August of 2007 through December 11, 2009. See Manzo v. Comm'r of Soc. Sec., 408 F. App'x 265, 267 (11th Cir. 2011) (*per curiam*).

cervical spine, knees, neck, and wrists. R. 272-77. Dr. Bhaskaran also advised braces for Plaintiff's pain, R. 273, and he noted that Plaintiff did not have money to pay for the medication he prescribed, R. 274. Yet aside from the ALJ's single comment regarding Plaintiff's gait, there is no further discussion of Dr. Bhaskaran's findings. Indeed, the ALJ never identified Dr. Bhaskaran by name and never identified him as Plaintiff's treating physician, much less is there any discussion of what weight the ALJ afforded Dr. Bhaskaran's opinions.

To the extent the Commissioner asserts Dr. Bhaskaran's treatment notes were not "medical opinions," this argument is unavailing. Dr. Bhaskaran's treatment notes included diagnoses and observations of Plaintiff's symptoms and physical restrictions, clearly constituting a "statement[] from [a] physician[] . . . that reflect[s] judgment about the nature and severity" of Plaintiff's impairments. 20 C.F.R. § 416.927(a)(2); see Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) ("The Commissioner argues that the ALJ was not required to consider the treating physician's treatment notes because they did not constitute a 'medical opinion,' but this argument ignores the language of the regulations.") (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)).

The Commissioner also argues that there was no need for the ALJ to separately address each of Dr. Bhaskaran's treatment notes. Comm'r's Br., pp. 16-17. While the Court notes that the ALJ's discussion of Dr. Bhaskaran's treatment notes was limited, the more fundamental problem is that the ALJ did not state with particularity what weight – if any – he gave Dr. Bhaskaran's opinions, let alone did he identify him as a treating physician or even specifically mention him in his opinion. Although a treating physician's opinion may be properly discredited, refusal to give a treating physician's opinion substantial weight requires that the ALJ show good cause. Schnorr, 816 F.2d at 581. Here, the ALJ made a single reference to one

8

of Dr. Bhaskaran's findings, R. 14; yet he simply gave no explanation as to what weight he gave Dr. Bhaskaran's opinions. As noted supra, the ALJ is required to 'state with particularity the weight he gave different medical opinions and the reasons therefor.'" See Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987) (*per curiam*). In this case, however, the ALJ has failed to satisfy this requirement.

The Court must review the decision as delivered by the ALJ, but here the Court is unable to perform any meaningful judicial review because the ALJ simply did not make his thought processes known in his decision. See Cowart v. Schweiker, 662 F. 2d 731, 735 (11th Cir. 1981) (noting that in the absence of stating specifically the weight accorded each item of evidence, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence). Stated otherwise, this Court cannot now engage in an administrative review that was not done in the first instance by the Commissioner via the ALJ. Martin v. Heckler, 748 F.2d at 1031. Indeed, as noted above, the Court's "limited review [of the record] precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence." Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005) (*per curiam*) (citing Bloodsworth, 703 F.2d at 1239).

In sum, the ALJ failed to identify Dr. Bhaskaran by name, failed to identify him as a treating physician, and failed to state with particularity what weight (if any) he gave his opinions. The Court is not unmindful of the difficulties of evaluating a claimant's impairments and weighing the competing medical evidence that often appears in an administrative record. While it is by no means clear that Plaintiff is entitled to SSI benefits, the law nonetheless requires the Commissioner to provide a well-reasoned, well-articulated decision. Without such an analysis, the federal courts are unable to provide claimants with sound, meaningful review

9

of the administrative decision. The Court cannot second-guess what the ALJ may have been thinking or may have intended to consider. Accordingly, this case should be remanded for full consideration of the entirety of the evidence. Of course, the Court expresses no opinion on the ultimate issue, a matter for the Commissioner on remand.[6]

## IV.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS**, pursuant to sentence four of 42 U.S.C. § 405(g), that the Commissioner's final decision be **REVERSED** and that the case be **REMANDED** to the Commissioner for further consideration in accordance with this opinion.

SO REPORTED and RECOMMENDED this 22 day of February, 2012, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[6]In light of the Court's determination that the decision to deny Plaintiff benefits is not supported by substantial evidence because the ALJ failed to identify Dr. Bhaskaran as a treating physician or state with particularity what weight was given to his opinions, the Court need not reach the remainder of Plaintiff's contentions. Of course, on remand, Plaintiff's claims must be evaluated in compliance with the applicable regulations and case law in all aspects. For example, the entirety of the relevant evidence must be taken into account in determining the severity of Plaintiff's alleged impairments and in assessing Plaintiff's subjective complaints and RFC. See 20 C.F.R. § 416.920(e); Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991) (*per curiam*). The Court also presumes that the ALJ will consider whether any of Plaintiff's prior successful applications for benefits should have a binding effect on the instant application. 20 C.F.R. § 416.1457(c)(1). Furthermore, if a Step Five determination proves necessary, the determination of whether Plaintiff is capable of performing other work must be based solely on jobs that he is capable of performing in light of his RFC, age, education, and work experience that exist in sufficient numbers in the national and regional economies. See 20 C.F.R. § 416.912(g), & 416.960(c). Moreover, in determining the extent to which age affects Plaintiff's ability to adjust to other work, the age categories may not be applied mechanically in a borderline situation. Id. § 416.963(b).